## HUDSON IRON CO. v. CLARK.

(Supreme Court, Special Term, New York County. January, 1914.)

1. PLEADING (§ 343*)—JUDGMENT ON PLEADINGS—ISSUE ON DEMURRER.

Under Code Civ. Proc. § 547, providing that if either party is entitled to judgment on the pleadings, the court may give judgment accordingly upon motion after issue joined, an issue of law raised by demurrer to a complaint, which goes to the whole cause of action, may be decided upon motion by defendant for judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. § 343.*]

2. PLEADING (§ 343*)—TESTING SUFFICIENCY—ELECTION OF REMEDY.

Defendant's demurrer to the complaint was not an election of remedy so as to preclude him from moving for judgment on the pleadings under Code Civ. Proc. § 547, which permits such a motion only after issue joined.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. § 343.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.3. CORPORATIONS (§ 314*)—MISCONDUCT OF AGENT—ACTION FOR DAMAGES.

Where the contract which plaintiff corporation claimed defendant wrongfully took in his own name, instead of in the name of the corporation, was set aside for fraud in an action against defendant by the person with whom defendant made the contract, in which plaintiff intervened and unsuccessfully sought to uphold the contract, it cannot be claimed that plaintiff was damaged by defendant's taking the contract in his own name.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1393–1398, 1400; Dec. Dig. § 314.*]

Action by the Hudson Iron Company against James M. Clark. On defendant's motion for judgment on the pleadings. Motion granted.

David J. Newland, of New York City, for the motion.

Strong & Mellen, of New York City (Charles H. Strong, of counsel), opposed.

GIEGERICH, J. [1, 2] The motion is plainly intended as one for judgment on the pleadings. Since the decision of the Appellate Division of this department in National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, affirmed on the opinion of Miller, J., below, in 203 N. Y. 556, 96 N. E. 1122, it must be regarded as settled that an issue of law raised by a demurrer to a complaint which goes to the whole cause of action, may be brought on for decision by a motion for judgment on the pleadings, under section 547 of the Code of Civil Procedure. No reason is apparent why the right to make such a motion should be limited to the plaintiff. If the defendant deems himself entitled to a dismissal of the complaint in such a situation of the pleadings, this simple and inexpensive method of bringing the matter to a test should be as open to him as to his adversary. His having demurred should not be deemed an election of a remedy by him, because the motion for judgment could not be made by him until he had demurred; section 547 permitting such a motion only after issue joined. Issue having been thus joined, he then had an election as to which practice he should follow—the recently authorized one of moving for judgment on the pleadings or the alternative one of bringing on the issue of law for decision, either in the old way by waiting its turn on the Special Term calendar of issues of law, or by noticing it for argument as a contested motion, as is now permitted by section 976 of the Code of Civil Procedure. I conclude, therefore, that the defendant has been correct in his practice, and proceed to a consideration of the merits of the motion.

[3] Assuming that the complaint shows that the defendant wrongfully made the contract in question for his own benefit, no resulting damage is shown. The person with whom he made the contract brought an action to have it set aside for fraud, and was successful. The plaintiff in this action intervened in that action, and sought to defend the validity of the contract, but failed. If this defendant had turned over the contract to this plaintiff as demanded, there is nothing in the complaint to show that the expense incurred by this plaintiff in that litigation would have been any less, or that its position would

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have been any different or any better in any respect. In other words, it does not appear from the complaint that the plaintiff suffered any damage by reason of the alleged wrongful act of the defendant in taking the contract in his own name instead of the name of his corporation.

Motion granted, with $10 costs, with leave to the plaintiff to amend its complaint upon payment of such costs within 20 days.